**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Rashad Richardson, | COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 |
| Plaintiff | |
| v. | Civil Docket No. **1:25-cv-00837** |
| Mario Fuentes, Nic Tohatan, and Brandon Renault, in their personal capacities and Eileen O'Neill Burke in her Official Capacity, | Judge: |
| | Magistrate: |
| | Jury Trial Demanded |
| Defendants. | January 24, 2025 |

**COMPLAINT**

Plaintiff RASHAD RICHARDSON, by and through his attorneys Villalobos & Associates, files this complaint against Defendants, MARIO FUENTES, NIC TOHATAN, BRANDON RENAULT (collectively, the "Officers"), and EILEEN O'NEILL BURKE (the "State's Attorney") in her official capacity, and alleges as follows.

# Preliminary Statement

1. This is a civil action seeking damages for acts committed under color of law and depriving Plaintiff of rights secured by the Constitution of the United States. The Officers, while acting in their capacities as police officers in the City of Chicago, deprived Plaintiff of his liberty without due process of law, made an unreasonable search of his person, and made an unreasonable seizure of his person, thereby depriving him of his rights, privileges, and immunities as guaranteed by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. The State's Attorney maliciously prosecuted Plaintiff without probable cause, with malice, and to his detriment.

1

2. This Court has jurisdiction over Counts I, III, V, VI, and VII of this action under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The jurisdiction of this Court over these counts is further invoked pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over Counts II, IV, and VIII of this action under 28 U.S.C. § 1367 and none of the exceptions in subsections (b) or (c) apply.

## Parties

4. Plaintiff Rashad Richardson is a citizen and resident of Illinois and a citizen of the United States.

5. Officers Mario Fuentes (Badge No. PC0BM33), Nic Tohatan (Badge No. PC0A242), and Brandon Renault (Badge No. PC0CA24) were, at all times material to this complaint, duly appointed officers of the City of Chicago, assigned to District 18 of the Chicago Police Department. At all times material to this complaint, Officers acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the Chicago Police Department, City of Chicago, and State of Illinois.

6. Eileen O'Neill Burke is the State's Attorney for Cook County.

7. Plaintiff sues the Officers in their individual capacities.

8. Plaintiff sues Defendant Burke in her official capacity as an employee of the State of Illinois and therefore is considered to sue the State of Illinois.

## General Allegations

9. On January 25, 2024, at approximately 2:30 PM, Rashad Richardson was in the front passenger seat of a silver Volkswagen SUV parked at approximately 40 E. Walton St., Chicago, IL 60611 when a Chicago Police Department ("CPD") vehicle parked in front of the Volkswagen. Officers exited the CPD vehicle and approached the Volkswagen.

10. Officers told Richardson that the Volkswagen was parked illegally and questioned him through the window of the Volkswagen. Officer Fuentes asked if Richardson had been smoking cannabis. Within less than one minute, Officers Fuentes and Tohatan ordered Richardson out of the car and Officer Tohatan stated that he smelled burnt cannabis. After a brief discussion, Officer Tohatan made clear that this was an order regardless of anything Richardson would do or say.

11. Richardson complied and stepped out of the car. Officer Tohatan immediately patted down Richardson's coat and again made clear that Richardson's consent was unnecessary and that they were giving him orders. Officer Tohatan also claimed to see "shaves of cannabis" on the floor of the Volkswagen.

12. Officers Tohatan and Renault ordered Richardson to stand near the back of the Volkswagen while they continued questioning him. Under questioning, Richardson stated that he smokes cannabis and had a "blunt" on his person. Officer Tohatan then patted down Richardson.

13. After a brief argument across the Volkswagen with Officer Fuentes, Officer Tohatan ordered Richardson to produce the "blunt" he had on his person. Richardson complied. During a brief discussion, Officer Tohatan pointed out to Richardson that when he smokes the smell lingers on his person.

14. Officer Tohatan asked Richardson to produce his identification, but Richardson refused. After a brief discussion, all three Officers turned back to the CPD vehicle and began to leave. When Richardson then asked for their names and badge numbers, all three Officers returned. Officer Tohatan informed the other two that Richardson had a "half-smoked blunt" on his person and Officer Fuentes then put Richardson in handcuffs.

15. Officer Tohatan then searched Richarson for his identification while Officer Fuentes accused Richardson of "play[ing] these games." When Richardson objected, Officer Fuentes said, "fuck that, he's going to jail" and told Richarson, "we're not the regular polices [*sic*]."

16. Officers Tohatan and Renault continued effecting Richardson's arrest by calling for another CPD vehicle, removing the blunt from Richardson's pockets, and preparing to tow the Volkswagen.

17. Meanwhile, Officer Fuentes continued to explain Officers' actions to Richardson by saying, "now you're going to learn how to respect the police." When Richardson accused Officers of doing whatever it takes to arrest him, Officer Fuentes replied, "Always!" Officer Fuentes also told Richardson, "You're not going to tell me 'No.'" When Richardson accused Officers of acting like they "run the world," Officer Fuentes replied, "I do, I run this street!"

18. Richardson was arrested and arraigned for violations of 625 ILCS 5/11-502.15(c) and 720 ILCS 5/31-4.5, unlawful possession of cannabis in a motor vehicle and obstruction of identification, respectively.

19. The unlawful possession charge was dropped *nolle prosequi*, and the obstruction of identification was dismissed.

20. As a result of the pat downs, search, and prosecution Richardson suffered damage from having to hire an attorney to defend himself from crimes that could not be prosecuted and an invasion of his privacy including impairment of his reputation, personal humiliation, and mental anguish and suffering.

## Count I: Unreasonable Search
### (Officers Only)

21. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 21.

22. Officers reasonably and lawfully seized the Volkswagen and Richardson by "stopping" them with probable cause to issue a parking ticket. Officers likewise reasonably and lawfully removed Richardson from the car.

23. However, Officers lacked any reasonable suspicion that Richardson was armed and dangerous. Despite this lack of reasonable suspicion, Officers searched Richardson by patting him down twice. Richardson made clear that he did not consent to any searches, but Officers persisted.

24. By means of these unlawful searches, Officers, with or without malice, deprived Richardson of his right to be free from unreasonable searches as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

## Count II: Battery
### (Officers Only)

25. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 25.

26. Richardson made clear that he did not consent to any search and Officers were thus not authorized to touch Richardson when they patted him down.

27. Officers' contact with Richardson's person was offensive and would be offensive to a reasonable person.

28. Officers' conduct was willful and wanton in searching Richardson without even a scintilla of evidence that he was armed and dangerous.

5

29. Officers' conduct has damaged Richardson by causing impairment of his reputation, personal humiliation, and mental anguish and suffering.

## Count III: Unreasonable Search
### (Officers Only)

30. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 30.

31. Officers reasonably and lawfully seized the Volkswagen and Richardson by "stopping" them with probable cause to issue a parking ticket. Officers likewise reasonably and lawfully removed Richardson from the car.

32. However, Officers lacked probable cause that Richardson had committed a crime or that evidence of a crime would be present on Richardson's person. Despite the lack of probable cause, Officers searched Richardson by ordering him to produce the cannabis he possessed. Richardson made clear that he did not consent to any searches, but Officers persisted.

33. By means of these unlawful searches, Officers, with or without malice, deprived Richardson of his right to be free from unreasonable searches as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

## Count IV: Intrusion on Seclusion
### (Officers Only)

34. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 34.

35. Richardson made clear that he did not consent to any search and Officers were thus not authorized to intrude or pry into Richardson's personal belongings by searching him.

36. Officers' search of Richardson's person was highly offensive and would be highly offensive to a reasonable person.

37. Officers' search of Richardson's person intruded on the privacy of Richardson's personal belongings.

38. Officers' conduct has damaged Richardson by causing impairment of his reputation, personal humiliation, and mental anguish and suffering.

39. Officers' conduct was willful and wanton in searching Richardson without probable cause that Richardson had committed a crime or that evidence of a crime would be present on Richardson's person.

## Count V: Unreasonable Arrest
### (Officers Only)

40. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 40.

41. Officers reasonably and lawfully seized the Volkswagen and Richardson by "stopping" them with probable cause to issue a parking ticket. Officers likewise reasonably and lawfully removed Richardson from the car.

42. Due to Officers' illegal search of Richardson's person, Officers found partially smoked cannabis that was not contained in an "odor-proof" container as required by 625 ILCS 5/11-502.15(c). Officers therefore could have had probable cause to arrest Richardson solely due to the illegal search.

43. By walking back to their car and indicating to Richardson that he was free to go, however, Officers in fact declined to arrest Richardson until he asked for their names and badge numbers.

44. Richardson's question was speech protected by the First Amendment.

45. Because Officers had already declined to arrest Richardson, Richardson's speech was a direct and proximate cause of Officers' arrest of Richardson.

46. By means of their unlawful arrest of Richardson, Officers intentionally, or with deliberate indifference and callous disregard of Richardson's rights, deprived Richardson of his right to be free of unreasonable seizure in violation of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

## Count VI: Malicious Prosecution
### (Officers Only)

47. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 47.

48. Officers reasonably and lawfully seized the Volkswagen and Richardson by "stopping" them with probable cause to issue a parking ticket. Officers likewise reasonably and lawfully removed Richardson from the car.

49. Due to Officers' illegal search of Richardson's person, Officers found partially smoked cannabis that was not contained in an "odor-proof" container as required by 625 ILCS 5/11-502.15(c). Officers therefore could have had probable cause to arrest Richardson solely due to the illegal search.

50. On February 21, 2024, the State's Attorney entered a *nolle prosequi* of the charge under 625 ILCS 5/11-502.15(c).

51. The charge under 625 ILCS 5/11-502.15(c) was initiated without probable cause because the only evidence thereof was obtained by an illegal search.

52. Officers' statements demonstrate that they arrested Richardson not to bring him to justice but to punish him for his perceived disrespect.

53. The charge under 625 ILCS 5/11-502.15(c) terminated by a *nolle prosequi* and was therefore discharged favorably for Richardson.

54. By means of their initiation of this charge against Richardson, Officers intentionally, or with deliberate indifference and callous disregard of Richardson's rights, deprived Richardson of his right to be free of unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

## Count VII: Malicious Prosecution
### (Officers Only)

55. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 55.

56. Officers reasonably and lawfully seized the Volkswagen and Richardson by "stopping" them with probable cause to issue a parking ticket. Officers likewise reasonably and lawfully removed Richardson from the car.

57. Officers entirely lacked probable cause for the charge under 720 ILCS 5/31-4.5 which makes it a Class A misdemeanor to "knowingly furnish a false or fictitious name, residence address, or date of birth." Richardson refused to give identification; he never gave any false identifying information.

58. On October 9, 2024, the charge under 720 ILCS 5/31-4.5 was dismissed.

59. The charge under 720 ILCS 5/31-4.5 was initiated without even a scintilla of evidence and therefore without probable cause.

60. Officers' statements demonstrate that they arrested Richardson not to bring him to justice but to punish him for his perceived disrespect.

61. The charge under 720 ILCS 5/31-4.5 terminated by dismissal and was therefore discharged favorably for Richardson.

62. By means of their initiation of this charge against Richardson, Officers intentionally, or with deliberate indifference and callous disregard of Richardson's rights, deprived Richardson of his right to be free of unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

## Count VIII: Malicious Prosecution
### (Burke Only)

63. Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein as paragraph 63.

64. Officers entirely lacked probable cause for the charge under 720 ILCS 5/31-4.5 which makes it a Class A misdemeanor to "knowingly furnish a false or fictitious name, residence address, or date of birth." Richardson refused to give identification; he never gave any false identifying information.

65. On October 9, 2024, the charge under 720 ILCS 5/31-4.5 was dismissed.

66. The State's Attorney initiated and continued the charge under 720 ILCS 5/31-4.5 against Richardson.

67. The charge under 720 ILCS 5/31-4.5 was terminated by dismissal and was therefore terminated favorably for Richardson.

68. There was no probable cause for the proceedings because there was no evidence of any violation of 720 ILCS 5/31-4.5.

69. The maintenance of the charge under 720 ILCS 5/31-4.5 for nine months without even a scintilla of evidence demonstrates malice toward Richardson.

70. The State's Attorney's conduct has damaged Richardson by requiring him to hire an attorney to defend himself from baseless charges and by causing impairment of his reputation, personal humiliation, and mental anguish and suffering.

## **Prayer for Relief**

WHEREFORE, Plaintiff RASHAD RICHARDSON demands:

    A.    Judgment against Defendants MARIO FUENTES, NIC TOHATAN, and BRANDON RENAULT, jointly and severally, for compensatory damages in the amount of $200,000,

    B.    Judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $800,000,

    C.    Judgment against Eileen O'Neill Burke in her official capacity as State's Attorney for the State of Illinois, and therefore against the State of Illinois, for compensatory damages in the amount of $100,000,

    D.    Costs of this suit,

    E.    Attorneys' fees pursuant to 42 U.S.C. § 1988, and

    F.    Such other relief as this Court deems just and proper.

Respectfully submitted,

                                              By: */s/ Mark Villalobos*
                                                      One of Plaintiffs' Attorneys

Villalobos & Associates
1620 W 18th Street
Chicago, IL 60608
312-666-9982
INFO@VILALOBOSLAW.COM