# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RASHAD RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25 C 837 |
| | ) | |
| MARIO FUENTES, NIC TOHATAN, and | ) | Judge Charles P. Kocoras |
| BRANDON RENAULT, in their personal | ) | |
| capacities, and EILEEN O'NEILL BURKE, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Cook County State's Attorney Eileen O'Neill Burke's Motion to Dismiss [33] is granted. Count VIII of Plaintiff Rashad Richardson's Complaint is dismissed without prejudice. See Statement.

## STATEMENT

The following facts come from the complaint and are presumed true for purposes of this motion. All reasonable inferences are drawn in Richardson's favor.

On January 25, 2024, Rashad Richardson was seated in the front passenger seat of a silver Volkswagen SUV parked at approximately 40 E. Walton St. in Chicago, Illinois, when a Chicago Police Department ("CPD") vehicle parked in front of him and Defendant Officers Fuentes, Tohatan, and Renault exited to approach the Volkswagen. The officers informed Richardson that the Volkswagen was parked illegally and

questioned him through the vehicle's window. Officer Fuentes specifically asked Richardson whether he had been smoking cannabis. Officers Fuentes and Tohatan ordered Richardson to exit the vehicle, with Officer Tohatan stating that he smelled burnt cannabis.

Richardson complied and exited the vehicle. Over Richardson's objections, Officer Tohatan patted down Richardson's coat. Officer Tohatan also claimed he saw "shaves of cannabis" on the Volkswagen floor. Officers Tohatan and Renault instructed Richardson to stand by the back of the vehicle and continued questioning him. During this questioning, Richardson admitted he smokes cannabis and acknowledged having a "blunt" on his person. Officer Tohatan then conducted a pat down of Richardson, over Richardson's objections.

Officer Tohatan ordered Richardson to hand over the "blunt" in his possession, which Richardson did. Officer Tohatan then requested Richardson's identification, but Richardson refused to provide it. After a short conversation, all three officers began to walk back to their police vehicle. When Richardson asked for their names and badge numbers, all three officers returned. Officer Tohatan then informed the other officers that Richardson had a "half-smoked blunt" on him, at which point Officer Fuentes handcuffed Richardson. Officer Tohatan searched Richardson for identification, over Richardson's objection.

Richardson was subsequently arrested and arraigned on charges of unlawful possession of cannabis in a motor vehicle (625 ILCS 5/11-502.15(c)) and obstruction

2

of identification (720 ILCS 5/31-4.5). The unlawful possession charge was dropped via *nolle prosequi*, and the obstruction of identification charge was dismissed.

As a result of the foregoing, Richardson filed this lawsuit on January 24, 2025, against Officers Fuentes, Tohatan, and Renault[1] in their individual capacities, and Eileen O'Neill Burke in her official capacity as Cook County State's Attorney. His eight-count complaint alleges various violations of federal and state law, including unreasonable search, intrusion on seclusion, unreasonable arrest, malicious prosecution, and battery. The only count against Defendant Burke is a state law malicious prosecution claim (Count VIII). Burke now moves to dismiss that claim under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss for failure to state a claim, the Court accepts as true the well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th

---

[1] On April 3, 2025, Richardson learned Renault is deceased. *See* Dkt. # 19. Richardson stated in a status report that he intended to file a motion for substitution under Rule 25(a)(1) "within the appropriate time," but has not done so.

Cir. 2016). Legal conclusions, however, are not entitled to such treatment. *See Twombly*, 550 U.S. at 555.

For the following reasons, Burke's motion to dismiss is granted. Richardson explicitly states that Burke is being sued in her official capacity as State's Attorney. "The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities."[2] *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The State's Attorney's Office is a state agency and state's attorneys are state officials, so the Eleventh Amendment bars any claims brought in federal court against Burke in her official capacity. *Id.*; *see also Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999). Thus, the state law malicious prosecution claim against Burke must be dismissed without prejudice. *See McHugh v. Ill. DOT*, 55 F.4th 529, 534–35 (7th Cir. 2022) ("The parties agree that IDOT is immune from suit in federal court under the Ethics Act, IDOT has invoked its immunity throughout the litigation, and the district court found that IDOT was immune. Once the court made that finding, it was obligated to dismiss IDOT as a defendant for lack of jurisdiction.").

---

[2] There are three exceptions to this: (1) Congress has abrogated the State's immunity from suit, (2) a State has waived its immunity and consented to suit, or (3) the suit is one for prospective injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). Richardson does not argue that Congress abrogated the State's immunity from suit or that the State waived its immunity and consented to suit. Moreover, Richardson seeks only money damages against Burke in her official capacity so the suit is not one for prospective injunctive relief.

Richardson appears to attempt to avoid this result by contending, without supporting case law, that because the state law malicious prosecution claim is before the Court only by way of supplemental jurisdiction, sovereign immunity somehow does not apply to bar the claim. However, supplemental jurisdiction does not "abrogate state entities' sovereign immunity." *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 490 (5th Cir. 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 468 U.S. 89, 119–21 (1984)); *see also Brown v. Rose*, 2019 WL 1125787, at *5 (N.D. Ill. 2019) ("It has been well-established that states and their agencies are protected by the Eleventh Amendment's immunity against federal courts exercising pendent jurisdiction over state law claims.").

Even if sovereign immunity did not apply or if Richardson sued Burke in her individual capacity, the claim would fail because, based on the complaint's scant allegations against Burke, Burke enjoys absolute prosecutorial immunity from the malicious prosecution claim. "Absolute immunity for prosecutors only applies to those activities 'intimately associated with the judicial phase of the criminal process.'" *Bowes v. Alvarez*, 2024 IL App (1st) 230749, ¶ 28 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Such activities include determining whether to initiate a criminal proceeding and maintain a prosecution against a criminal defendant, and "acts undertaken by a prosecutor in the role of an advocate for the State in preparation for the initiation of judicial proceedings—like evaluating evidence assembled by the police and preparing it for presentation to a grand jury or at trial." *Kirichkow v. Bruscato*, 2025 IL

App (4th) 240552, ¶ 23 (citing *Imbler*, 424 U.S. at 430–31). Where a prosecutor performs "investigative functions normally performed by a police officer," however, absolute prosecutorial immunity does not apply. *Id.* ¶ 22. Notably, the decision to indict has been found to be subject to absolute prosecutorial immunity even when the prosecutor lacks probable cause. *Bowes*, 2024 IL App (1st) 230749, ¶¶ 37–40; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) ("The reason that we grant [absolute immunity] for [malicious prosecution] is that we have found a common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether he has probable cause or not."). Courts have even held that "a prosecutor's decision to prosecute a criminal defendant, even when the prosecutor is motivated by 'solely malicious reasons,' is subject to absolute prosecutorial immunity because it is intimately associated with the judicial phase of the criminal process." *Kirichkow*, 2025 IL App (4th) 240552, ¶ 24.

    Richardson's complaint contains no allegations that Burke engaged in anything other than activities "intimately associated with the judicial phase of the criminal process." He alleges only that Burke "initiated and continued the [obstruction of identification] charge" against him without probable cause, and that the maintenance of the charge "for nine months without even a scintilla of evidence demonstrates malice[.]" Dkt. # 2, ¶¶ 66–69. There are no facts that could overcome absolute prosecutorial immunity.

## **CONCLUSION**

For the foregoing reasons, Defendant Burke's Motion to Dismiss [33] is granted. Count VIII against Defendant Burke is dismissed without prejudice.

It is so ordered.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: 11/3/2025